UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

MARY JO MACE.

                     Plaintiff,

    v.                                                 COMPLAINT
                                                  IN A CIVIL ACTION

COUNTY OF SULLIVAN; DANIEL BRIGGS,
Individually and as County Manager of the
COUNTY OF SULLIVAN; OLGA                         CASE NO.:   05 CV 2786 (BSJ)
PARLOW, Individually and as County                         ECF CASE
Treasurer of the COUNTY OF SULLIVAN;
PAMELA ROURKE, Individually and as
Commissioner of Personnel of the
COUNTY OF SULLIVAN; HARVEY SMITH,
Individually and as Commissioner of
General Services of the COUNTY OF
SULLIVAN; JOHN DOE; and JANE DOE,

                     Defendants.

------------------------------------------------------------------------X

      Plaintiff, Mary Jo Mace, by her attorneys Perry E. Meltzer and Stephen L. Oppenheim, comes to the court and complains of the Defendants:

### JURISDICTION AND VENUE:

      1.    This action is brought pursuant to the First, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. Sections 1983 and 1988.

      2.    This Court has jurisdiction of this action under 28 U.S.C. Sections 1331 and 1343, 42 U.S.C. Sections 1983 and 1988, and FRCP 8(a).

      3.    The venue of this action is properly placed in the Southern District of New York, in which all of the parties reside.

### PARTIES:

4. Plaintiff Mary Jo Mace (hereinafter "Mace"), formerly known as Mary Jo Oppenheim, is a citizen of the State of New York, resident in the County of New York, State of New York.

5. Defendant County of Sullivan (hereinafter "County") is a municipal corporation of the State of New York, being the governing body of Sullivan County and a county organized under the County Law of the State of New York, having its office and principal place of business at 100 North Street, Monticello, New York 12701.

6. At all times relevant to the actions complained of herein, the legislative body and authority of the County was and STILL is its County Legislature (hereinafter "Legislature").

7. At all times relevant to the actions complained of herein, Defendant Daniel Briggs (hereinafter "Briggs") was and still is the County Manager, chief executive officer, of the County. Briggs is the person who, pursuant to state law, is given the final authority to make and execute policy decisions on behalf of the County in regard to all actions complained of herein. At all relevant times Briggs was the executive in charge of the activities of the County complained of herein and directed the conduct complained of by the Defendants County Treasurer Parlow, Commissioners Rourke and Smith, and other officers and employees of the County.

8. At all times relevant to the actions complained of herein, Defendant Olga Parlow (hereinafter "Parlow") was and still is the duly elected and functioning County Treasurer of the County. At all times relevant to the actions complained of herein, upon information and belief, Parlow, together with Briggs, had the final authority to make and execute policy decisions of the County regarding the payment of funds of the County to its employees.

9. At all times relevant to the actions complained of herein, Defendant Pamela Rourke (hereinafter "Rourke") was, and still is, the duly appointed and functioning Commissioner of Personnel of the County. At all times relevant to the actions complained of herein, on information and belief, Rourke, together with Briggs, had the final authority to make and execute policy decisions of the County regarding personnel matters.

10. At all times relevant to the actions complained of herein, Defendant Harvey Smith (hereinafter "Smith") was, and still is, the duly appointed and functioning Commissioner of General Services of the County.

11. At all times relevant to the actions complained of herein Defendants John Doe and Jane Doe were employees, officials, and officeholders of the County, whose names and identities remain unknown to the Plaintiff at this time.

12. Plaintiff sues all of the Defendants, other than the County, in both their official and individual capacities.

13. At all times herein complained of, Defendants and each of them acted under color of the laws, statutes, ordinances, regulations, resolutions, policies, customs, and usages of the State of New York and the County.

BACKGROUND:

14. On or about July 1, 1996, the two Commissioners of the Board of Elections of Sullivan County (hereinafter "Board") then in office, unanimously appointed Mace as a Senior Clerk of the Board.

15. On or about July 1, 1996, Mace duly qualified as such Senior Clerk; took office as such; and continued in such employment until August 17, 2004.

16. Notwithstanding her continued employment during the period from January 1, 2003, to March 15, 2004, Defendants treated Mace as a non-employee of

the County for that period, refusing and neglecting to let her perform her duties or to pay her the salary and benefits of her employment.

17. Mace was permitted to resume her employment as of March 15, 2004, although no action was taken by the Defendants nor the Commissioners of the Board to "restore" her to her employment.

18. Mace's said employment was terminated on August 17, 2004, by virtue of her resignation from her post, effective as of that date.

19. Under New York State law Mace had the right to continue in her said employment until that said employment or the said position of Senior Clerk shall have been eliminated or suspended by the unanimous vote of the two Commissioners of Election holding office at the time of any such action or she shall have resigned her position.

20. Under New York State law, Mace had a legitimate expectation of her continuance in employment as Senior Clerk of the Board until such time as the two Commissioners of the Board then in office, acting unanimously, shall have terminated her employment or eliminated or suspended her position or she shall have resigned her position.

21. Mace had a constitutionally protected property interest in her continued employment as Senior Clerk until such time as the two Commissioners of the Board then in office, acting unanimously, shall have terminated her employment or eliminated or suspended her position or she shall have resigned her position.

22. Under New York State law any action of the Board must be taken by the unanimous vote of the two Commissioners of Election in office at the time of the purported action. A single Commissioner of Elections cannot, acting alone, take action of the Board.

23.     At no time from and including July 1, 1996, to and including August 17, 2004, did the Commissioners of Election of the County then in office ever vote, unanimously or otherwise, to terminate or suspend the employment of Mace as a Senior Clerk of the Board or to eliminate or suspend her position of Senior Clerk of the Board.

24.     The Legislature has the power to determine the gross annual budget and appropriation of the Board.

25.     The Legislature does not have the power to determine how the Board shall spend and allot the funds budgeted and appropriated to it by the Legislature.

26.     The Legislature does not have the power to create, abolish, eliminate, or suspend the position of Senior Clerk of the Board.

27.     The Legislature does not have the power specifically to fund or defund the position of Senior Clerk of the Board.

ACTIONS COMPLAINED OF:

28.     In adopting the County's 2003 budget, the Legislature reduced the Board's budget and appropriation from the prior year in the sum of $82,104.00, the exact amount of the salaries and benefits of two Senior Clerks then employed by the Board, including Mace.

29.     It was the intention of the Legislature to require the Board to fire Mace and its other Senior Clerk and/or to eliminate their positions.

30.     The Board neither fired Mace nor eliminated her position nor took any other action in regard to Mace and/or her position.

31.     On or about December 16, 2002, Rourke, acting for and on behalf of the County and under the color of the County's governmental power, notified Mace in writing that her "position as Senior Clerk in the Sullivan County Board of Elections has

been eliminated" and that Mace's "last day of work will be close of business, December 31, 2002."

32. Subsequently, Defendants announced that Mace's position had not been eliminated, but that it was no longer in the budget and therefore could not be held by Mace.

33. Nevertheless, Mace continued to work actively at her position until January 29, 2003, without objection of either of the County's Commissioner of Elections then in office.

34. On January 29, 2003, Smith, acting for and on behalf of the County and under the color of the County's governmental power, approached Mace and told her that she could no longer continue to work at her desk and would have to move to that part of the Board's office open to the general public. Smith advised Mace that since she was no longer an employee of the County, she could not be in the work area of the Board's office.

35. The Commissioners of Election in office at that or any other time had not unanimously or otherwise directed that Mace leave the Board's office or her desk; or that she suspend her work on behalf of the Board; or reassigned Mace's duties to any other person or persons.

36. Smith purported to act to remove Mace as a trespasser in the Board's office, under the authority of a resolution, number 06-03, adopted by the Legislature on January 23, 2003 defining who shall be considered a trespasser in the offices of the Board and other County offices.

37. The County's Commissioners of Election then in office took no action to define Mace or any one else a trespasser in the Board's offices.

38. Upon information and belief, the Legislature was without authority to adopt Resolution 06-03 to the extent that it seeks to define who could and who could not be in the offices of the Board.

39. Upon information and belief, Resolution 06-03 was adopted solely to provide a vehicle to permit the Defendants to remove Mace from her work as Senior Clerk.

40. Upon information and belief, persons other than Mace violated the terms of Resolution 06-03 in the offices of the Board and other County offices.

41. Upon information and belief, Resolution 06-03 was not enforced against any person other than Mace, whether or not such other person had violated the provisions of the said Resolution.

42. From January 1, 2002, to and including March 15, 2003, neither the Defendants nor the Board expressed any dissatisfaction with Mace's performance as Senior Clerk or gave her any indication that the performance of her services was in anyway unsatisfactory.

43. From January 1, 2003, to and including March 15, 2004, the defendants acting through Parlow and other officers and employees, refused and neglected to pay Mace's salary as Senior Clerk and refused to pay her the benefits of her employment including, but not limited to, health insurance and retirement contributions.

44. From and including January 29, 2003, to and including March 15, 2004, defendants refused to permit Mace to perform her duties as Senior Clerk of the Board.

45. Such actions taken against Mace were unrelated to Mace's performance as Senior Clerk.

46. At no time after January 1, 2003, was Mace given any notice of charges against her or given an opportunity to be heard, either before or after the attempted termination of her employment as Senior Clerk.

47. During the period complained of herein, Mace was a political figure in her own right, being a trustee of the Village of Monticello, Sullivan County, New York, elected as a Democrat, and a member Democratic Town Committee of the Town of Thompson, Sullivan County New York, who had clashed on political issues with a number of the members of the Republican majority of the Legislature.

48. The actions of the Legislature taken against Mace were, upon information and belief, taken solely by the members of the Republican majority of the Legislature.

49. Upon information and belief, some or all of the actions complained of were taken in retaliation for and to stifle Mace's political activities.

50. Defendant County is liable herein because Briggs, Parlow, and Rourke are the persons who, pursuant to State law and the Charter of the County, are given the final authority to make and execute policy decision on behalf of the County in regard to the action complained of and taken by the Defendants.

51. Defendant County is liable herein because the actions complained of herein were taken at the behest and instigation of the Legislature and/or the majority members thereof, intending to damage Mace.

DAMAGES:

52. Mace suffered damage as a direct and proximate result of the actions complained of herein, including the deprivation of her right to free speech and due process under the First, Fifth, and Fourteenth Amendments to the Constitution of the United States.

53. Mace suffered damages as a direct and proximate result of the actions complained of by Defendants unconstitutional interference with Mace's expectation of continued employment and with her property right in her continued employment, until it shall have been terminated according to law or by her resignation.

54. Mace suffered damages from the denial her wages, retirement benefits, and other compensations of her employment; humiliation; harassment; mental anguish; physical pain and discomfort; and denial of her constitutional rights

### JURY DEMAND:

55. Plaintiff demands trial of the action by jury.

WHEREFORE, Plaintiff demands judgment:

a. granting Plaintiff compensatory damages, jointly and severally, against all the Defendants in an amount to be proved and determined at trial.

b. granting Plaintiff punitive damages against the individual Defendants in an amount to be proved and determined at trial.

c. granting Plaintiff the costs and disbursements of this action, attorney's fees pursuant to 42 U.S.C. Section 1988, and such other and further relief as the Court deems fair and reasonable the circumstances.

Dated: March 10, 2005

➢
STEPHEN L. OPPENHEIM (SO 6643)
Attorneys for Plaintiff Mary Jo Mace
Office & Post Office Address
55 East 9th Street - Suite 3C
New York, New York 10003
(212) 673-5887