UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

MARY JO MACE.

                        PLAINTIFF,

      VS
                                               CASE NO. 05-CIV.-2786

COUNTY OF SULLIVAN; DANIEL         (SCR)
BRIGGS, INDIVIDUALLY AND AS
COUNTY MANAGER OF THE COUNTY    AFFIDAVIT IN
OF SULLIVAN; OLGA PARLOW,            OPPOSITION TO
INDIVIDUALLY AND AS COUNTY          DEFENDANTS'
TREASURER OF THE COUNTY OF          MOTION TO DISMISS
SULLIVAN; PAMELA ROURKE,
INIVIDUALLY AND AS
COMMISSIONER OF PERSONNEL
OF THE COUNTY OF SULLIVAN;
HARVEY SMITH, INDIVIDUALLY
AND AS COMMISSIONER OF GENERAL
SERVICES OF THE COUNTY OF
SULLIVAN; JOHN DOE; AND
JANE DOE

                        DEFENDANT.

-------------------------------------------------------x

STATE OF NEW YORK
                    SS:
COUNTY OF NEW YORK

STEPHEN L. OPPENHEIM, being duly sworn, deposes and says:

1. I am the attorney for the Plaintiff herein, personally familiar with the facts herein set forth, and make this affidavit in opposition to the motion of the Defendants to dismiss pursuant to FRCP 12(b)(6).

2. Cognizant of the fact that this motion is primarily to be decided upon the allegations of the Complaint, I make this affidavit only to bring to the Court's

1

attention additional documents which were in existence at the time of the acts complained of herein, were known to the Plaintiff at the time this action was begun, were in the possession of her counsel at that time, and were relied on by her in commencing this action.

3. I also make this affidavit to object to some statements of law in Mr. Yasgur's moving affidavit and to one of his exhibits which is not properly before the Court on this motion.

4. Among the allegations of the Complaint is the charge that the Defendant County Manager usurped the duties of the Commissioners of Elections. In that regard, I attach hereto, make a part hereof, and mark as <u>Exhibit 1</u>, a copy of a document executed by Defendant County Manager Briggs on January 3, 2003 and filed by him with the Office of Defendant Commissioner of Personnel Rourke at that time. The document is entitled REPORT OF PERSONNEL CHANGE, Form SC-428 Rev. 5/96. It is a document that by its terms is to be completed and filed by the "Appointing Officer" of the employee involved.

5. Plaintiff's appointing officers were the two Commissioners of Elections, not the County Manager.

6. Notwithstanding that Defendant Briggs was not Plaintiff's appointing officer, he executed Form SC-428 purporting to terminate Plaintiff's employment by the Board of Elections by virtue of a "Layoff" effective "12/31/02".

7. Defendant Briggs knew that he was not the proper person to execute Form SC-428, crossing out "Appointing Officer" on the signature line.

8. On the issue of what the Defendants knew and/or should have known about the Plaintiff's legal status, the issue was not new to Defendant Sullivan County.

9. At the time of the actions complained of herein, the Sullivan County Attorney was one Ira Cohen. Cohen had also been Sullivan County Attorney in the summer of 1996 when a dispute arose between the Sullivan County Legislature and the Board of Elections over the power to fix starting salaries of the clerks of the Board.

10. At that time, Cohen issued an opinion to the then Commissioner of Personnel, the then Chairman of the Legislature, the then County Manager, and the then

Commissioners of Election (including Timothy Hill, one of the Commissioners in 2002-2003).

11. Except in one regard, Cohen's opinion conforms exactly to the position of the Plaintiff herein. Cohen advised the various County officials:

> This opinion recognizes the special and unique make up of the Board of Elections and the autonomy of the Commissioners of Election (sic) pursuant to the mandates of the New York State Constitution and the Election Law of the State of New York. The Commissioners have the statutory authority to appoint, and at their pleasure to remove, Clerks and other employees, to fix their number, proscribe (sic) their duties, etc.

12. The only question upon Cohen did not agree with Plaintiff's position was the question of which body had the power to fix the starting salaries of the Board's employees. Cohen opined that the Legislature had that power.

13. That issue was addressed that same summer by the State Board of Elections in an opinion to the Sullivan County Election Commissioners which provided:

> Under section 3-300 of the Election Law, the commissioners of the Board of Elections have complete authority over the hiring, firing and salaries of the employees of the boards of elections. Once the board of elections receives its appropriations from the county, the board sets the salaries of its employees provided such salaries are within the county system of grades. As long as the salary is within the grade system, the commissioners are not bound to hire a person at the beginning salary. The commissioners have the discretion to pay the employee anywhere within that grade.

14. A copy of Cohen's opinion is attached hereto, made a part hereof, and marked Exhibit 2.

15. A copy of the opinion of the State Board of Elections is attached hereto, made a part hereof, and marked Exhibit 3.
16. Debra S. Gabriel, the other Senior clerk referred to in Defendants' motion papers voluntarily left the employ of the Board of Elections on December 31, 2002 to become the Assessor of the Town of Bethel, Sullivan County, New York. Ms. Gabriel was not affected by the actions of the Defendants taken after that date. Attached hereto, made a part hereof, and marked Exhibit 4 is a copy of a letter from Fran Thalmann, one of the Elections Commissioners to the County's computer department stating Ms. Gabriel's removing herself from the County's system.
17. These documents are all public records having been included as exhibits in the case of Hill v, County of Sullivan, Exhibits F and G. They were all know to Plaintiff and her counsel at the time that this action was commenced; they were all in the possession of her counsel at the time when this action was commenced; and they were all relied on by Plaintiff and her counsel in bringing this action.
18. I also acknowledge that Plaintiff knew of and relied on Defendants' Exhibits F, I, J, and L (to the extent of the letter to Plaintiff only).
19. However, Plaintiff did not rely on Exhibit L, to the extent of the letter to Debra S. Gabriel, in bringing this action. Therefore that exhibit is not properly before this Court on this motion and should be disregarded by the Court in determining the motion.
20. (Exhibits A, B, C, D, E, G, H, and K are legal and technical, not factual, exhibits to which Plaintiff has no objection.)
21. Mr. Yasgur's moving affidavit contains unsupported and unsupportable propositions of law which this Court should reject. (In fact, Defendants make no attempt to support these propositions in their memorandum of law.)
22. If accepted without critical review, these improper legal assumptions could fatally skew the Court's view of the situation before it.
23. For ease of reference, these assumptions will be discussed chronologically using the numbering system of Mr. Yasgur's affidavit:

4

<u>Paragraphs 9 and 35.</u>

Mr. Yasgur incorrectly states that there were two clerks, one a Republican, reporting to the Republican Commissioner and the other, Plaintiff, a Democratic Clerk reporting to the Democratic Commissioner. (The complaint makes no reference to any other employee, his/her employment, disciplining, or termination. For this reason this Court should ignore the references in paragraph 35 to Plaintiff's "counterpart:" and to the letter to Ms. Gabriel which is made part of <u>Exhibit L</u>, which is not referred to in the complaint nor relied upon by Plaintiff in bringing this action.)

Even assuming that two clerks are involved, they would both have been clerks of the Board of Elections employed by and reporting to both Commissioners. Section 3-300, provides that the regular clerks are employees of the Board of Elections, not of the individual Commissioners, providing that each "<u>Board of Elections shall appoint</u>, and at its pleasure remove, clerks."  (emphasis supplied) All the regular clerks are employees of both commissioners, even though Section 3-300 requires that the commissioners shall "… secure in the appointment of employees … equal representation of the major political parties." <u>Section 3-300</u>.

In this regard, Mr. Yasgur may have confused the regular clerks of the Board appointed by both commissioners jointly (such as Plaintiff), with the deputy clerks whom each "commissioner in each board of elections… may approve and at pleasure remove … establish his title and prescribe his duties." <u>Section 3-300</u>.

Nothing in the Election Law makes the bi-partisan, regular employees of the Board into partisan employees of a particular Commissioner.

Plaintiff was an employee of the Board of Elections, not of the Democratic Commissioner.

5

Paragraphs 25, 26, and 32.

Mr. Yasgur posits that, in the absence of action by the Commissioners of Elections to re-allocate their budget, Defendant Parlow could do so. No authority is cited for this proposition. Indeed, no authority is cited for the corollary proposition that inaction by the Commissioners is the equivalent to their necessary, unanimous agreement to take an action. To the contrary, as Judge Clemente observed, it is possible for the Commissioners to be "at a stalemate", preventing any action and maintaining the status quo. Exhibit G, p.5.

Certainly, the Commissioners were entitled, after January 1, 2003, to reasonable time to meet and make a decision before Defendants could even determine to usurp the Board's powers. Indeed, the Commissioners had several options other than acting against Plaintiff: (1) they could have maintained the status quo until their funding ran out; (2) they could have maintained the status quo until such time that they could agree on a re-allocation of their budgetary funds, which might or might not have involved action directed to Plaintiff (They might have reduced the salaries of some or all of their employees; they could have reduced the titles of some or all of their employees; they could have reduced the hours of some or all of their employees; they could have made non-personnel budgetary adjustments.) ; (3) they may have returned to the County Legislature for a supplemental budget allocation. As demonstrated in POINT II A of Plaintiff's Memorandum, the power to allocate and re-allocate their budget rested solely in the hands of the two Commissioners acting jointly and unanimously.

Paragraph 28.

Mr. Yasgur asserts that before Judge Clemente's ruling that the Legislature's exclusion Resolution was illegal and unconstitutional as to the Board of Elections, it "stood as an enforceable resolution of the County Legislature." But the point of

Judge Clemente's opinion is that the Resolution was not enforceable. It was no less unenforceable before the decision as after.

Paragraphs 30, 34, 35, 36, 37, and 38.

Mr. Yasgur posits the mistaken assumption that the individual Defendants were involved in the legislative process of budgeting, protected by legislative immunity. Mr. Yasgur fails to make the necessary distinction between being involved in the preparation of a budget before its adoption and the administrative functions of carrying out a budget once it is adopted. As shown in POINT IV B of Plaintiff's Memorandum, the latter is administrative and is not undertaken with the protection of any legislative immunity.

Paragraph 38.

Mr. Yasgur purports to state, as a matter of fact, that the individual Defendants "are not obligated by law to be aware of the specific authority and obligation that each commissioner of elections has pursuant to New York State law." That statement is not only a statement of law, it is also one of the fundamental issues to be resolved by this Court. Without being presumptuous, it is respectfully suggested that Mr. Yasgur is wrong. Please see POINT IV B of Plaintiff's Memorandum.

Paragraph 39.

This paragraph is similar to paragraph 38 in that it purports to state as fact a proposition of law to be determined by this Court and is equally incorrect. Please see POINTS II and III A of Plaintiff's Memorandum.

.

24. These non-factual, unsupported allegations by Mr. Yasgur should be rejected by this Court in deciding this motion.

7

Upon the foregoing, upon the allegations of the Complaint, and upon the memorandum of law submitted herewith, it is respectfully prayed that the Defendants' motion be denied in its entirety.

                                                             STEPHEN L. OPPENHEIM (SO6643)

Sworn to before me this
_5_ day of _March_, 2007

_____
Notary Public of the State of New York

VERNON SCHLAMOWITZ
Notary Public, State of New York
No. 24-3501320
Qualified in Kings County
Commission Expires March 30, 20_07_

8

| Form SC-428 Rev. 5/96 | REPORT OF PERSONNEL CHANGE | Date filled out 1/3/03 |
|---|---|---|

To: SULLIVAN COUNTY PERSONNEL OFFICE
100 NORTH STREET, P.O. BOX 5012
MONTICELLO, NEW YORK 12701
(914) 794-3000 Ext. 3550

From: County of Sullivan
City  County  Town  Village or District
Board of Elections
(NAME ONLY ONE) DEPARTMENT

John Cosmollni
NAME AND TITLE OF LAST EMPL. IN POSITION

NAME OF EMPLOYEE: Mary Jo Oppenheim
ADDRESS:
TITLE OF POSITION: Senior Clerk
SALARY: $24,921
SOCIAL SECURITY #:
___ Veteran  ___ Non-Veteran
___ Disabled  ___ Exempt Volunteer Fireman

### CHECK NATURE OF PERSONNEL CHANGE

**APPOINTMENTS**

| Change | Effective Date | Action Necessary by Appoint. Officer |
|---|---|---|
| Permanent | | Return report of certification |
| Contingent Permanent | | Return report of certification |
| Provisional | | Attach application (MSD 330) |
| Temporary | Fr:  To: | State length of employment |
| Substitute | Fr:  To: | Give facts under Remarks |
| For Term of Office | Fr:  To: | Give facts under Remarks |
| Permanent Promotion | | Return report of certification |
| Provisional Promotion | | Attach nomination |

**TERMINATIONS**

| Resignation | | Submit signed Resignation |
|---|---|---|
| Termination | | Give facts under Remarks |
| Retirement | | Give effective date |
| X Layoff (Lack of work funds) | 12/31/02 | Give facts under Remarks |
| Deceased | | Indicate Date |
| Removal | | Attach copy of proceedings |

**OTHER CHANGES**

| Approved Lv. of Absence: Military | Fr:  To: | Give facts under Remarks |
|---|---|---|
| Approved Lv. of Absence: Medical Paid | Fr:  To: | Give facts under Remarks |
| Approved Lv. of Absence: Medical Unpaid | Fr:  To: | Give facts under Remarks |
| Approved Lv. of Absence: FMLA | Fr:  To: | Give facts under Remarks |
| Approved Lv. of Absence: Other | Fr:  To: | Give facts under Remarks |
| Transfer | | Give facts under Remarks |
| Demotion | | Give facts under Remarks |
| Suspension | | Give facts under Remarks |
| Reinstatement | | Give facts under Remarks |
| Change in Classification | | Give facts under Remarks |
| Change in Salary | | Indicate New Salary |
| Change in Name | | Give facts under Remarks |
| Other | | Give facts under Remarks |

REMARKS: Funding eliminated from 2003 Budget
Vacation - 53.43 Hours
Comp Time - 0

Appointing Officer: Daniel C. Briggs
Signature
Title: County Manager

The Personnel Officer certifies that the employee listed on this report has been employed in the _____ jurisdictional class in accordance with the Civil Service Law and Rules, and the salary rate listed herein is certified through _____
PERSONNEL OFFICER CERTIFICATION: _____ Date: _____

**To be completed by COUNTY DEPARTMENT only:**

Date of Birth: _____   Employee #: _____
Job Class #: 6091   Dept. Budget Appropriation #: A1450   Budget Position #: 604
STATUS: X Full Time  __Part Time  __Temp.  __Per Diem   Sched. hrs/pay per.: 35   Annual Salary: $24,921   Hourly Rate: $13.6404
Group Code/Bargaining Unit: T/C   EEO Ethnic Code: X W  __B  __H  __A  __I   Gender Code: __M  X F

**To be completed by PERSONNEL / PAYROLL DEPARTMENT only:**

EXHIBIT 12

EEO Class: _____   EEO Function: _____   I-9 on file: _____
__Exempt  __Non-Exempt   Retirement System: _____   Reg. # (if appl.): _____

Exhibit 1

9



**SULLIVAN COUNTY ATTORNEY**
COUNTY GOVERNMENT CENTER
100 NORTH STREET, PO BOX 5012
MONTICELLO, NY 12701
TEL: (914) 794-3000 EXT. 3565

IRA J. COHEN
County Attorney

# MEMORANDUM

TO:     Richard Green, Personnel Officer

FROM:   Ira J. Cohen, Esq., County Attorney

DATE:   July 30, 1996

RE:     Salary Level for Board of Elections Clerk Position

*************************************************************

Dear Richard:

You told me that the County had a policy concerning salary for entry level positions and increases based on longevity. You asked me for a legal opinion as to whether or not the employees of the Board of Elections would be exempt from this County policy, based upon provisions of the New York State Election Law or Court cases interpreting said law.

The answer is that with regards to salaries of such employees, the Board of Elections is subject to the same County policy as are other employees of the County, and said salaries must be fixed within limits and appropriations established by the County Legislature.

This opinion recognizes the special and unique make up of the Board of Elections and the autonomy of the Commissioners of Election pursuant to mandates of the New York State Constitution and the Election Law of the State of New York. The Commissioners have the statutory authority to appoint, and at their pleasure remove, Clerks and other employees, to fix their number, proscribe their duties, etc. However, the right of the Commissioners to establish the salaries of their employees is specifically limited by the amounts appropriated by the County Legislature. Therefore, the law does explicitly limit the autonomy of the Commissioners in this one, if only one, area - establishment of salaries for employees.

SULLIVAN COUNTY IS AN EQUAL      EXHIBIT 14      MATIVE ACTION EMPLOYER

Exhibit 2

Richard Green  
July 30, 1996  
Page -2-

RE: Salary Level for Board of Elections Clerk Position

The leading case law in the State of New York confirms this legal interpretation. The County Law of the State of New York authorizes the County Legislature to fix the salaries of all employees paid from County funds, and in doing so to adopt schedules of compensation with minimum and maximum salaries, and to provide for annual increments to the minimum salary so fixed. The two (2) Clerks in the office of the Board of Elections are employees paid from County funds and the policy of the Legislature fixes their status for any authorized action that the Legislature elects to take with reference to salary schedules. While the New York State Constitution and the Election Law require equal representation by political party within the Board of Elections, the fixing of salaries to be paid from the public purse to officials or employees of a Board of Elections is outside the scope of the Commissioners of Election.

This legal opinion is based upon examination of the New York State Constitution, New York State Statutes and case laws interpreting same. Our interpretation is a legal one, not one based on personalities or politics. Any allegations or accusations to the contrary are simply wrong and untrue. Moreover, although one is not always happy with a legal answer the law provides an orderly system and procedure for the redress of wrongs. Within the framework of our County government there is no place for personal threats and attacks; this conduct is not professional and should not be countenanced.

/sjt

cc: Raymond N. Pomeroy II, Chairman, Sullivan County Legislature  
Jonathan Drapkin, County Manager  
Timothy Hill, Commissioner of Elections  
Jerome Bullock, Commissioner of Elections



**STATE OF NEW YORK**
**STATE BOARD OF ELECTIONS**
SWAN STREET BUILDING, CORE 1
6 EMPIRE STATE PLAZA, SUITE 201
ALBANY, NY 12223-1650
Phone: 518/474-6220  Fax: 518/486-4068

September 4, 1996

Timothy E. Hill, Commissioner
Jerome Bullock, Commissioner
Sullivan County Board of Elections
Sullivan County Government Center
Monticello, New York 12701

Dear Commissioners Hill & Bullock:

    This is in response to your fax regarding a memorandum of understanding between the Sullivan County Board of Elections and the county manager. You have asked me for my opinion of the memorandum.

    Under section 3-300 of the Election Law, the commissioners of the Board of Elections have complete authority over the hiring, firing and salaries of the employees of the boards of election. Once the board of elections receives its appropriations from the county, the board sets the salaries of its employees provided such salaries are within the county system of grades. As long as the salary is within the grade system, the commissioners are not bound to hire a person at the beginning salary. The commissioners have the discretion to pay the employee anywhere within that grade. See Larsen v. Tangelos 113 Misc. 2d 696. See also Starr v. Meisser 39 AD 2d 712, and Blondheim v. Cohen 248 AD 2d 75, affd. 272 NY 520.

    With regard to an employee of the board of elections having protection of the unclassified civil service see the case of County of Chautauqua v. Chautauqua County Employees Unit 6300 of Local 807 of the CSEA 181 AD 2d 1052.

    If you have any further questions, give me a call.

Very truly yours,

Thomas P. Zolezzi
Deputy Executive Director

TPZ/ls

EXHIBIT 13

Exhibit 3



Exhibit 4