UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
MARY JO MACE

                           Plaintiff,

  -against-

COUNTY OF SULLIVAN; DANIEL BRIGGS,
Individually and as County Manager of the
COUNTY OF SULLIVAN; OLGA PARLOW,
Individually and as County Treasurer of the
COUNTY OF SULLIVAN; PAMELA ROURKE,
Individually and as Commissioner of Personnel of the
COUNTY OF SULLIVAN; HARVEY SMITH,
Individually and as Commissioner of General Services
of the COUNTY OF SULLIVAN; JOHN DOE: and
JANE DOE,

                           Defendant(s).
-----------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

05 Civ. 2786 (SCR) (GAY)

TO THE HONORABLE STEPHEN C. ROBINSON, United States District Judge:

      Plaintiff Mary Jo Mace brings this action against defendants County of Sullivan ("County"), Daniel Briggs ("Briggs"), Olga Parlow ("Parlow), Pamela Rourke ("Rourke"), Harvey Smith ("Smith") and John and Jane Doe pursuant to the First, Fourth and Fifth Amendments to the Constitution of the United States and 42 U.S.C. sections 1983 and 1988. Presently before this court is defendants' motion to dismiss for failure to state a claim pursuant to Rules 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). For the reasons that follow, I respectfully recommend that defendants' motion to dismiss be

1

GRANTED in part and DENIED in part.

## I. RULE 12(b)(6) STANDARD

A claim may be dismissed under Fed.R.Civ.P. 12(b)(6) only if the plaintiff's factual allegations are not sufficient "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1609 (2007). The court accepts as true all factual allegations in the complaint and views them in the light most favorable to the plaintiff. De Jesus v. Sears, Roebuck & Co., 87 F.3d, 65, 70 (2d Cir. 1996). While specific factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere labels and conclusions; a formulaic recitation of the elements of a cause of action is insufficient. Twombly at 1964-65. The complaint "is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991), cert. denied, 503 U.S. 960 (1992).

## II. BACKGROUND

Plaintiff Mary Jo Mace ("plaintiff") was appointed as a Senior Clerk to the Board of Elections of Sullivan County ("Board") on or about July 1, 1996, by the two Commissioners of Elections. N.Y. Election Law § 3-200 et al sets forth the state law.

Plaintiff could be appointed and terminated by the Board, according to Election Law § 3-300. It is now undisputed that plaintiff serves at the will of the Commissioners of Elections; and that the unanimous vote of the Commissioners is necessary to terminate Board employees including the Senior Clerk position.

Plaintiff has brought claims against the County of Sullivan for the actions of the Legislature as well as the actions of the other defendants in their official capacities. Plaintiff has also brought claims against defendants Briggs, Parlow, Rourke and Smith in their individual capacities for the various alleged constitutional deprivations. Defendants contends that the claims are insufficient and assert defenses of legislative and qualified immunity.

Plaintiff alleges that the County Legislature decreased the 2003 County budget by the exact amount of the salaries and benefits for the Senior Clerk positions in an attempt to eliminate the positions or have the Board fire plaintiff. Plaintiff also alleges that the Legislature lacked authority to pass Resolution 06-03, which defined who was a trespasser in County offices. Resolution No. 06-03, Sullivan Co. Leg. (N.Y. 2003); See Defs.' Mot. Dismiss, Ex. J. Plaintiff claims these actions of the Legislature were taken by its Republican majority, and that they were politically motivated. Plaintiff also alleges that the defendants retaliated against her for her political activities as a Democrat, namely as a trustee of the Village of Monticello, Sullivan County, and as a member of the Democratic Town Committee of the Town of Thompson, Sullivan County. Plaintiff notes that she "had clashed on political issues with a number of the members of the Republican majority of the Legislature." Compl. ¶ 47.

Defendant Briggs was County Manager, the Chief Executive Officer of the County, during the events plaintiff alleges. Plaintiff states that Briggs "is the person who, pursuant to state law, is given the final authority to make and execute policy decisions on behalf of the County in regard to all actions complained of…." Compl. ¶ 7.

Plaintiff also states that Briggs directed the activities in question of defendants Parlow, Rourke and Smith.

Defendant Parlow was the County Treasurer during the events plaintiff alleges. Plaintiff states that Parlow, working with Briggs, had "final authority to make and execute policy decisions of the County regarding the payment of funds of the County to its employees." Compl. ¶ 8. Parlow was responsible for paying plaintiff for her work as a County employee. Plaintiff complains of Parlow's failure to pay plaintiff or provide her with benefits from January 1, 2003 to March 15, 2004.

Defendant Rourke was the Commissioner of Personnel of the County and "together with Briggs, had the final authority to make and execute policy decisions of the County regarding personnel matters." Compl. ¶ 9. Plaintiff complains of Rourke's termination letter communicating elimination of plaintiff's Senior Clerk position. Defendant Smith was the Commissioner of General Services of the County at all times relevant to this action. Plaintiff complains of Smith's actions forcing her to leave the private areas of the Board offices.

Plaintiff held her position as the Democratic Senior Clerk from the time of her appointment in 1996 until January 29, 2003. On December 12, 2002, the Sullivan County Legislature passed the 2003 budget for the County. The budget did not provide funding for the Senior Clerk positions. The Board had requested $82,104 for the salaries and benefits for plaintiff and her Republican co-clerk. The Legislature considers the monetary requests of each County office, but has an obligation only to provide them with adequate funds to function. The Legislature acted within its authority

in altering the budget requests of the Board. It is undisputed that the Legislature intended to eliminate funding for both Senior Clerk positions. The Commissioners of the Board also have the power to reallocate the funds provided in any manner they see fit, but did not do so. The Commissioners also never voted to terminate the Senior Clerks.

Plaintiff received a letter from defendant Rourke, dated December 16, 2002, that indicated the 2003 budget was adopted and both Senior Clerk positions were eliminated, effective January 1, 2003. Defendants concede that this letter was outside of Rourke's authority, since only the Board could terminate the Senior Clerks. Plaintiff states that the defendants later informed her that the Senior Clerk positions were no longer in the budget but had not been eliminated, as the December 16 letter indicated.

Plaintiff continued her normal activities as Senior Clerk, despite Rourke's termination letter, until January 29, 2003. On that date, defendant Smith instructed plaintiff to leave the Board offices and work in the public areas of the building in accordance with Resolution 06-03, passed by the Legislature on January 23, 2003. The Resolution regarded as trespassers any unauthorized persons who did not obtain written approval from Briggs to access non-public areas of county government offices, records, property and equipment. Plaintiff departed after Smith told her that she was no longer an employee and that she would be arrested if she did not comply.

Plaintiff states that she was treated as a non-employee of the County by the defendants from January 1, 2003 until March 15, 2004. She claims that she did not receive salary or benefits during said time period. Plaintiff also states in her complaint that she was employed until she resigned on August 17, 2004. Plaintiff maintains that

she was not effectively terminated in accordance with Election Law 3-300 prior to her resignation since the two Commissioners of Elections never acted unanimously to fire her. Plaintiff claims damages in the form of deprivation of her right to free speech and due process under the First, Fifth and Fourteenth Amendments; unconstitutional interference with her expectation of continued employment and property right in continued employment; and loss of wages, retirement benefits, as well as pain, suffering, and mental anguish.

### III. PROCEDURAL AND SUBSTANTIVE DUE PROCESS CLAIMS

Plaintiff claims that her employment position with defendants was terminated in violation of the Due Process Clause of the Fourteenth Amendment. See Plt's Memo, Pt.III(A). Plaintiff argues that defendants "took Plaintiff's property without process of any kind" and "acted so arbitrarily against Plaintiff's property and freedom rights as to shock the conscience in a constitutional sense." Id.

    1. <u>No Property Interests in Plaintiff's Position</u>

Where a plaintiff raises a procedural due process deprivation claim under the Fourteenth Amendment, he "must have a property interest in [his] former employment." Brennan v. Straub, 246 F. Supp.2d 360, 366 (S.D.N.Y. 2003), citing Dwyer v. Regan, 777 F.2d 825, 829 (2d Cir. 1985). "Property interests … 'are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law.'" Cleveland Bd. Of Educ. v. Loudermill, 470 U.S. 532, 538 (1985), quoting Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972). To state a deprivation of property claim under the Fifth and Fourteenth Amendments, a plaintiff

"must have more than a unilateral expectation...[h}e must, instead, have a legitimate claim of entitlement..." McPherson v. New York City Department of Education, 457 F.3d 211, 216 (2d Cir. 2006)(citation omitted).

Here, it is undisputed that plaintiff was an at-will employee of the Board of Elections and could be terminated at the discretion of the two Commissioners of Elections. As such, her procedural due process claims fail "because at-will employment is not a constitutionally protected property interest." Baron v. Port Authority of New York and New Jersey, 271 F.3d 81, 89 (2d Cir. 2001); Luck v. Mazzone, 52 F.3d 475, 477 (2d Cir. 1995)(employee "lacked state civil-service tenure or any other formal employment guarantee that would have given her a cognizable property interest in her job"); White Plains Towing Corp. v. Patterson, 991 F.2d 1049, 1062 (2d Cir. 1993)("An interest that state law permits to be terminated at the whim of another person is not a property right that is protected by the Due Process Clause."). The fact that defendants did not follow proper procedures is also of no moment. See Torres-Rosado v. Rotger-Sabat, 335 F.3d 1, 10 (1st Cir. 2003)("An agency failure to follow its own rules may be significant in administrative law, but the federal Due Process Clause does not incorporate the particular procedural structures enacted by state or local governments; these claims should be pursued, if at all, under [state] law.").

Thus, it is respectfully recommended that the procedural due process claims based on the alleged property right in plaintiff's employment should be dismissed.

2. No Substantive Due Process Claim

Plaintiff alleges a substantive due process deprivation claim. The substantive due process guarantee of the Fourteenth Amendment protects individuals from "conscience-shocking" exercises of power by government actors. Johnson v. Newburgh Enlarged School District, 239 F.3d 246, 252 (2d Cir. 2001)(citations omitted). Such conduct include those that "by their very nature offend our fundamental democratic notions of fair play, ordered liberty and human decency." Id. (citations omitted). For a substantive due process complaint to survive a motion to dismiss pursuant to Rule 12(b)(6), it must allege governmental conduct that "is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." Velez v. Levy, 401 F.3d 75, 93 (2d Cir. 2005)(citations omitted). Plaintiff contends that substantive due process claims would apply to defendants violation of her Due Process Clause liberty interests based on being expelled from the Board's offices; and her First Amendment rights based on the alleged retaliation by the defendants on account of her political activities. (Pl. Memo. of Law at 13-14).

As said allegations do not make out claims and, in any event, do not rise to the conscience shocking level, it is respectfully recommended that the alleged substantive due process claims be dismissed. Moreover, plaintiff alleges the aforesaid specific Due Process Clause and First Amendment constitutional violations to redress said conduct of the defendants. The Second Circuit has held that "where a specific constitutional provision prohibits government action, plaintiffs seeking redress for that prohibited conduct in a § 1983 suit cannot make reference to the broad notion of substantive due process." Id. at 94.

8

3. The Liberty Interest Claim

Plaintiff claims that her liberty interests were violated when she was forced to leave the Board of Election offices after being labeled a trespasser pursuant to Resolution 06-03 passed by the Sullivan County Legislature. Said resolution, among other things, defined who could have access to the non-public areas of the County offices, including the Board of Elections; and defined who would be considered trespassers. The complaint alleges that defendant Smith on behalf of the County advised plaintiff that she could no longer continue to work at her desk and would have to move to that part of the Board of Election's office open to the public. It is further alleged that plaintiff was advised that she was no longer an employee of the County and could not be in the work area of the Board's office. Complaint at ¶ 34.

"To create a constitutionally protected liberty interest, a state regulation must employ 'language of an unmistakably mandatory character, requiring that certain procedures "shall", "will," or "must" be employed...'" Silano v. Sag Harbor Union Free School District Board of Education, 42 F.3d 719, 724 (2d Cir. 1994)(citations and quotations omitted), cert. denied, 515 U.S. 1160 (1995). "It is only through "the repeated use of explicitly mandatory language in connection with requiring specific substantive predicates' " that a liberty interest arises. Id. In Siliano, that Second Circuit found that a school superintendent's order forbidding plaintiff from entering the school grounds failed to implicate a protected liberty or property interest; and that the a general school district policy encouraging visitors to the school did not implicate a protected liberty interest in visiting district schools. Id. at 724-25.

9

"[T]he most common manner in which a State creates a liberty interest is by establishing 'substantive predicates' to govern official decision making ... and further, by mandating the outcome to be reached upon a finding that the relevant criteria has been met." Rodriguez v. McLoughlin, 215 F.3d 328, 338 (2d Cir. 2000)(citations and quotations omitted). To create a liberty interest, a statute or regulation must "contain 'explicitly mandatory language,' i.e., specific directives to the decision maker that if the regulations' substantive predicates are present, a particular outcome must follow." Id. Moreover, "the fact that a state has established procedures to be followed does not mean that it has created a protectable liberty interest." Id. at 330 (citations and quotations omitted). Also, "a statute that merely establishes procedural requirements does not thereby create a liberty interest, because an 'expectation of receiving process is not, without more, a liberty interest protected by the Due Process Clause.'" Id.

Here, Resolution 06-03 sets forth mandatory procedures that "shall, will, or must be employed" concerning access by employees and the public to areas of the Board of Elections. Siliano at 724. Plaintiff contends that she was deprived of her liberty interests because, notwithstanding the fact she was still an employee of the Board of Elections; defendant Smith advised her that she could not be in the private work areas of the Board offices as she was no longer an employee. It is alleged in the complaint that defendant Briggs directed said conduct of Smith. Complaint at ¶ 7. The Court concludes that the complaint is insufficient as to defendants Parlow and Rourke as it does not set forth any personal involvement by them.[1]

---

[1] See discussion of personal involvement under IV. Equal Protection.

10

The Court also concludes that the complaint should be dismissed as to defendants Briggs and Smith on the grounds of qualified immunity. To prevail on a qualified immunity defense on a Rule 12(b)(6) motion to dismiss, "[n]ot only must the facts supporting the [immunity] defense appear on the face of the complaint, but ... the motion may be granted only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." McKenna v. Wright, 386 F.3d 432, 436 (2d Cir. 2004)(internal quotation marks and citation omitted).

As stated above, the complaint alleges that defendant Smith directed plaintiff to leave the work area of the Board of Elections in accordance with Resolution 06-03 that was passed by the Legislature. The complaint further provides that in taking said action Smith was "acting for and on behalf of the County and under the color of the County's governmental power. Complaint at ¶ 34. There is not any improper motivation alleged as to Smith's conduct. There are no facts alleged that Smith had knowledge of any improper actions or motivations by the Legislature in passing the Resolution. In sum, the Court concludes that the facts alleged in the complaint merely show that Smith was reasonably carrying out the terms of the Resolution. Smith was entitled to rely on the validity of the Resolution passed by the County. It would be objectively reasonable for him to do so based on the facts alleged. As the sole allegations against defendant Briggs is that he directed the said conduct of Smith, he would also be entitled to qualified immunity.

Accordingly, it is respectfully recommended that the motion to dismiss this claim be granted as to defendants Briggs, Smith, Parlow and Rourke.

## IV. EQUAL PROTECTION

Plaintiff has alleges a "class of one" Equal Protection claim against all defendants under Village of Willowbrook v. Olech, 528 U.S. 562 (2000). At the pleading stage, it is sufficient to generally allege that similarly-situated people have been treated differently. DeMuria v. Hawkes, 328 F.3d 704, 707 (2d Cir. 2003). The complaint herein alleges that "Resolution 06-03 was not enforced against any person other than Mace, whether or not such person had violated the provisions of the said Resolution. Complaint at ¶ 41. The complaint can also be fairly read to assert that the differential treatment was imposed intentionally and irrationally. Id.

However, to be sufficient a complaint must allege personal involvement as to each defendant in a constitutional deprivation. The Second Circuit has delineated several ways in which a defendant may be personally involved in a constitutional deprivation so as to be liable under § 1983: (1) "[t]he defendant may have directly participated in the infraction"' (2) "[a] supervisory official, after learning of the violation through a report or appeal, may have failed to remedy the wrong"; (3) "[a] supervisory official may be liable because he or she created a policy or custom under which unconstitutional practices continue:; (4) "a supervisory official may be personally liable if he or she was grossly negligent in managing subordinates who caused the unlawful condition or event." Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986).

Here, the complaint alleges as to defendant Smith that: "[o]n January 29, 2003, Smith acting for and on behalf of the County and under the color of the County's governmental power, approached Mace and told her that she could no longer continue

to work at her desk and would have to move to that part of the Board's office open to the general public. Smith advised Mace that since she was no longer an employee of the County, she could not be in the work area of the Board's office." Complaint at ¶ 34. Defendant Briggs is alleged to have directed the conduct of Smith. Complaint at ¶ 7. There are no allegations in the complaint regarding the "personal involvement" of defendants Parlow and Rourke in not enforcing Resolution 06-03 against any person other than plaintiff as alleged in the complaint. The Court concludes that a sufficient Equal Protection claim has been alleged as to defendants Smith and Briggs. There are no facts supporting a qualified immunity defense as to Smith and Briggs on the face of the complaint. McKenna v. Wright, 386 F.3d at 436. Thus, qualified immunity would not be available at this stage of the case. Legislative immunity would also not be available at the motion to dismiss stage herein as discovery would be necessary. The Court further concludes that said claim is insufficient as to defendants Parlow and Rourke.

Accordingly, it is respectfully recommended that the motion to dismiss this claim as to defendants Briggs and Smith be denied. It is further respectfully recommended that the motion to dismiss this claim as to defendants Briggs and Parlow be granted.

## V.  FIRST AMENDMENT RETALIATION CLAIM

Plaintiff also alleges that some or all of the actions she complains of were taken in retaliation for and to stifle her political activities. Complaint at ¶ 47-49. In order to state a claim for First Amendment retaliation, plaintiff must allege: (1) that the speech or

conduct at issue is protected under the First Amendment; (2) that the defendants took adverse action against her; and (3) that there was a causal connection between plaintiff's protected conduct and the adverse action. See Washington v. County of Rockland, 373 F.3d 310, 320 (2d Cir. 2004). "In order to establish a causal connection at the pleading stage, the allegations must be sufficient to support the inference that the speech [conduct] played a substantial part in the adverse action." Morey v. Somers Cent. Sch. Dist., No. 06 Civ. 1877, 2007 WL 867203 at *11 (S.D.N.Y. Mar. 21, 2007)(quotations and citation omitted. Here, the complaint fails to set forth sufficient personal involvement of any of the individual defendants. Moreover, the complaint does not allege any time frames and does not describe the alleged protected activity. A close temporal proximity cannot be inferred, in any event, between the alleged activity and any adverse action. It is respectfully recommended that the claim be dismissed.

**VI.**                                      **MUNICIPAL LIABILITY**

Plaintiff asserts claims against defendant County of Sullivan. In order to state a claim against a municipality pursuant to 42 U.S.C. § 1983, a plaintiff must demonstrate that the defendant violated his constitutional rights in pursuit of a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690. Moreover, a municipality may be held liable where the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Id. at 694. Also, a § 1983 suit against a municipal officer in his official capacity is treated as an action against the municipality

itself." Coon v. Town of Springfield, VT., 404 F.3d 683, 687 (2d Cir. 2005)(citation omitted).

As set forth above, the Equal Protection claim in the complaint as to defendants Smith and Briggs is the only cause of action found sufficient to survive defendants' Rule 12(b)(6) motion against the individual defendants. The complaint alleges that Briggs, the County Manager, was a final decision and policy maker who directed the conduct of Smith regarding the allegations giving rise to said claim. Complaint at ¶ 7. Smith was the Commissioner of General Services. Id. at ¶ 10. As such, a basis for municipal liability has been sufficiently set forth. See Gronowski v. Spencer, 424 F.3d 285, 296 (2d Cir. 2005)(providing that a municipality may be held liable pursuant to § 1983 "when a city policymaker takes action that violates an individual's constitutional rights").

Accordingly, it is respectfully recommended that all claims against the County with the exception of the Equal Protection claim should be dismissed.

## VII. CONCLUSION

For all of the foregoing reasons, I conclude, and respectfully recommend that the motion of the individual defendants Briggs, Parlow, Rourke and Smith to dismiss all claims against them be GRANTED except as to the Equal Protection claim against defendants Briggs and Smith. It is further respectfully recommended that all claims against the County defendant be dismissed except as to the Equal Protection claim.

**NOTICE**

Pursuant to 28 U.S.C. § 636(b)(1)(B), as amended, and Rule 72(b), Fed. R. Civ. P., the parties shall have ten (10) days from receipt of this Report to serve and file written

against them be GRANTED except as to the Equal Protection claim against defendants Briggs and Smith. It is further respectfully recommended that all claims against the County defendant be dismissed except as to the Equal Protection claim.

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(B), as amended, and Rule 72(b), Fed. R. Civ. P., the parties shall have ten (10) days from receipt of this Report to serve and file written objections to this Report and Recommendation. If copies of this Report are served upon the parties by mail, the parties shall have thirteen (13) days from receipt of this Report to file and serve written objections. See Fed. R. Civ. P. 6(e). Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Stephen C. Robinson at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered. See Small v. Secretary of H.H.S., 892 F.2d 5, 16 (2d Cir. 1989).

Requests for extensions of time to file objections must be made to the Honorable Stephen C. Robinson and not to the undersigned.

Dated: November 13, 2007

Respectfully Submitted,

GEORGE A. YANTHIS, U.S.M.J.