UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

MARY JO MACE.

                          PLAINTIFF,

          VS

                                            CASE NO. 05-CIV.-2786

COUNTY OF SULLIVAN; DANIEL            (SCR)
BRIGGS, INDIVIDUALLY AND AS
COUNTY MANAGER OF THE COUNTY
OF SULLIVAN; OLGA PARLOW,
INDIVIDUALLY AND AS COUNTY
TREASURER OF THE COUNTY OF
SULLIVAN; PAMELA ROURKE,
INIVIDUALLY AND AS
COMMISSIONER OF PERSONNEL
OF THE COUNTY OF SULLIVAN;
HARVEY SMITH, INDIVIDUALLY
AND AS COMMISIONER OF GENERAL
SERVICES OF THE COUNTY OF
SULLIVAN; JOHN DOE; AND
JANE DOE

                          DEFENDANTS.

-------------------------------------------------------x

                      PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' PARTIAL OBJECTION TO THE REPORT AND
RECOMMENDATION OF THE HONORABLE GEORGE A.
YANTHIS, UNITED STATES MAGISTRATE JUDGE, DATED
NOVEMBER 13, 2007, AND IN FURTHER OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12
(b)(6)

                      RESPECTFULLY SUBMITTED.

                      _____
                      STEPHEN L. OPPENHEIM (SO6643)
                      ATTORNEY FOR PLAINTIF
                      55 EAST 9TH STREET – 3C
                      NEW YORK, NEW YORK 10003
                      212 673 5887

TABLE OF CONTENTS

TABLE OF CITATIONS                                                  4

PRELIMINARY NOTE                                                    5

POINT I          Defendants Briggs and Smith Are
                 Not Entitled to Qualified Immunity on
                 the Equal Protection Claim                         5


         A

                 *Defendants Briggs and Smith Had No Power
                 to Affect Plaintiff's Employment and, Therefore,
                 Had No Discretion to Exercise, Making Qualified
                 Immunity Inapplicable*                             5
         B

                 *Defendants Briggs and Smith Cannot Rely on the
                 Existence of Resolution 03-06 as the Basis for
                 Qualified Immunity; the Issue Is Whether They
                 Violated Plaintiff's Well-established Right, Not
                 Whether They Can Cite a Legislative Basis for
                 Violating That Right*                              6


         C

                 *Plaintiff's Complaint Is Not Subject to a Heighten
                 Fact Pleading Standard; the Appropriate Remedy
                 to Correct Any* Defects in the Complaint is Discovery   7


         D

                 *It Is "Plausible" that Defendant County Manager
                 Briggs and Defendant County Commissioner Smith
                 Knew That Resolution 06-03 Existed and the
                 Consequences of That Existence and Its Enforcement,
                 Including the Attempt to Exercise Defendants'
                 Non-existent Power Over Plaintiff's Employment
                 and the Offices of the Board of Elections*          8

POINT II          To the Extent that the Complaint Requires
                  "Amplification", The Appropriate Remedy is
                  Discovery, Not Dismissal                                        9


POINT III         Alternatively, Plaintiff Should Be Given Leave to Amend          10


CONCLUSION                                                                          10

TABLE OF CITATIONS

Bell Atlantic Corp. vs Twombly, __ U.S. __, 127 S.Ct. 1955,

      167 L.Ed.2d 929 (2007)          7

Dobosz vs Walsh, 892 F2d 1135 (2nd Cir., 1989)    6

Huminski vs Corsones, 396 F.3d 53 (2nd Cir., 2005)    7

Iqbal vs Hasty, 490 F.3d 143 (2nd Cir., 2007)    7,8,9

Schechter vs Comptroller, etc., 79 F3d 265 (2nd Cir., 1996)    6

Sullivan County Legislature Resolution 03-06    8

PRELIMINARY NOTE

This memorandum in opposition to Defendants' Partial Objection is submitted as a supplement to Plaintiff's Memorandum of Law submitted on the original motion. The Court is respectfully referred to the arguments made in the original memorandum, particularly Point V, which will not be repeated herein, except to discuss specific issues raised in the Partial Objection in regard to the Report and Recommendation.

POINT I

Defendants Briggs and Smith Are Not Entitled
to Qualified Immunity on the Equal Protection Claim

The Magistrate Judge properly denied the motion of Defendants Briggs and Smith to dismiss the Equal Protection Claim on the basis of qualified immunity.

A

*Defendants Briggs and Smith Had No Power to Affect
Plaintiff's Employment and, Therefore, Had No Discretion
to Exercise, Making Qualified Immunity Inapplicable*

Defendants Briggs and Smith cannot assert the defense of qualified immunity because they had no power to act against Plaintiff. Therefore, they had no discretion to act against her.

The fundamental nature of the qualified immunity defense is that it protects defendants in the "performance of <u>discretionary</u> official functions". <u>Schechter vs Comptroller, etc.</u>, 79 F3d 265, 268 (2nd Cir., 1996) (emphasis supplied); <u>Dobosz vs Walsh</u>, 892 F2d 1135, 1140 (2nd Cir., 1989).

It is unquestioned, even admitted by the Defendants, that they did not have any supervisory power over the Plaintiff. They could not terminate or suspend her employment, discipline her, or remove her from the offices of the Board of Elections. Plaintiff was not the employee of the Defendants, but of the Board of Elections.

Defendants Briggs and Smith had no discretion to act because they had no power to act against Plaintiff. As a result they cannot assert the defense of qualified immunity.

<u>B</u>

*Defendants Briggs and Smith Cannot Rely on the Existence of*
*Resolution 06-03 as the Basis for Qualified Immunity; the Issue*
*Is Whether They Violated Plaintiff's Well-Established Right, Not*
*Whether They Can Cite a Legislative Basis for Violating That Right*

Defendants' claim for qualified immunity based on their reliance on the Legislature's adoption of Resolution 06-03 is totally misplaced. The issue is whether the Defendants "violated a constitutional right". <u>Iqbal vs Hasty</u>, 490 F.3d 143, 152 (2nd Cir., 2007). Nowhere in the criteria for qualified immunity is a defendant's reliance on a particular statue or adopted policy given as the basis for affording the defense. See <u>Iqbal, supra</u>, 490 F.3d at 152-153. Indeed, it is a rare situation in which a defendant's conduct will not be based on some allegedly permissive legislation or administrative policy; often, as here, the legislation or policy itself is the basis for liability See for example, <u>Iqbal vs</u>

<u>Hasty, supra</u>, 490 F.3d at 166 ("policies concerning the detention of those arrested by federal officers"); <u>Huminski vs Corsones</u>, 396 F.3d 53, 93 (2nd Cir., 2005) (issuance and reliance on a court order insufficient).


<u>C</u>

<i>Plaintiff's Complaint Is Not Subject to a Heighten Fact</i>

<i>Pleading Standard; the Appropriate Remedy to Correct Any</i>

<i>Defects in the Complaint is Discovery</i>


Whatever may be the requirements in a complex, expensive case such as <u>Bell Atlantic Corp. vs Twombly</u>, __ U.S. __, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Second Circuit has clearly held, post- <u>Bell Atlantic</u>, that the Supreme Court "is not requiring a universal standard of heightened fact pleading". <u>Iqbal vs Hasty, supra</u>, 490 F3d at 157, 164.

Plaintiff's complaint meets the <u>Iqbal</u> requirement that it "informs all of the Defendants of the time frame and place of the alleged violation." <u>Iqbal vs Hasty, supra</u>, 490 F3d at 166.

Rather than adopting a heightened pleading standard, <u>Iqbal</u> calls for "a flexible 'plausibility standard'", only necessary where a pleader must "amplify" his pleading. <u>Iqbal vs Hasty, supra</u>, 490 F3d at 157-158.

D

*It Is "Plausible" that Defendant County Manager Briggs*

*and Defendant County Commissioner Smith Knew That*

*Resolution 06-03 Existed and the Consequences of That*

*Existence and Its Enforcement, Including the Attempt to Exercise*

*Defendants' Non-existent Power Over Plaintiff's Employment*

*and the Offices of the Board of Elections*

In Iqbal, supra, the Second Circuit held that the Attorney General of the United State and the Director of the F.B.I. "plausibly" "would be aware of policies concerning the detention of those arrested by federal officers in the New York City area." Iqbal vs Hasty, supra, 490 F3d at 166. Surely, the chief executive officer of the Defendant County and one of its commissioners are "plausibly" aware of the policies and actions of the County. What is implausible is the studied ignorance asserted on behalf of the Defendants Briggs and Smith

POINT II

<u>To the Extent that the Complaint Requires "Amplification"</u>

<u>The Appropriate Remedy is  Discovery, Not Dismissal</u>

In <u>Iqbal</u> the Second Circuit made clear that even where "amplification" is required, the appropriate remedy is discovery, not dismissal, where the pleading meets federal notice pleading standards, "should the complaint "need to be fleshed out". <u>Iqbal vs Hasty, supra</u>, 490 F3d at 158. Defendants' remedy is a "motion for a more definite statement." <u>Iqbal vs Hasty, supra</u>, 490 F3d at 158.

The Magistrate Judge properly saw that any defects in the Equal Protection claim perceived by the Defendants could be remedied by discovery. <u>Report and Recommendation, p. 13</u>. Discovery, not dismissal is the appropriate remedy in this case where the Defendants have proper notice pleading knowledge of the claims made against them.

(In amplification of Plaintiff's Supplemental Memorandum, it is respectfully suggested that the above <u>Iqbal</u> analysis regarding discovery applies equally to all of the contested claims which the Report and Recommendation advises the Court to dismiss. To the extent that the Report and Recommendation calls for dismissal based on lapses in the pleading, it is respectfully suggested that the complaint gives sufficient notice of the "time frame and place of the alleged violation." <u>Iqbal vs Hasty, supra</u>, 490 F3d at 166. As to those issues based on incomplete factual pleading, the Report and Recommendation should have called for denial of the motion, with leave to proceed with discovery.)

POINT III


Alternatively, Plaintiff Should Be Given Leave to Amend


To the extent that the Court does not agree that dismissal should be denied, subject to discovery, it is respectfully suggested that the Court should grant Plaintiff leave to re-plead the Equal Protection claim.


Plaintiff, again, respectfully prays leave to re-plead the complaint and refers the court to Point V of her Supplemental Memorandum.


CONCLUSION


It is respectfully prayed that the Report and Recommendation should be rejected only to the extent set forth in Plaintiff's Objections and/or that Plaintiff should be given leave to amend.


RESPECTFULLY SUBMITTED.


STEPHEN L. OPPENHEIM (SO6643)
ATTORNEY FOR PLAINTIF
55 EAST 9TH STREET – 3C
NEW YORK, NEW YORK 10003
212 673 5887

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

MARY JO MACE.

PLAINTIFF,

VS

COUNTY OF SULLIVAN; DANIEL
BRIGGS, INDIVIDUALLY AND AS
COUNTY MANAGER OF THE COUNTY
OF SULLIVAN; OLGA PARLOW,
INDIVIDUALLY AND AS COUNTY
TREASURER OF THE COUNTY OF
SULLIVAN; PAMELA ROURKE,
INIVIDUALLY AND AS
COMMISSIONER OF PERSONNEL
OF THE COUNTY OF SULLIVAN;
HARVEY SMITH, INDIVIDUALLY
AND AS COMMISSIONER OF GENERAL
SERVICES OF THE COUNTY OF
SULLIVAN; JOHN DOE; AND
JANE DOE

CASE NO. 05-CIV.-2786
(SCR)

AFFIDAIT OF SERVICE

DEFENDANT.

-------------------------------------------------------x

State of New York          SS:
County of New York

Stephen L. Oppenheim, being duly sworn, deposes and says: On the
6th day December, 2007, I personally served a copy of the attached
Memorandum of Law,
upon Samuel Yasgur, Esq. attorney for Defendants, by mailing a copy of the
same to him addressed to his office address: Samuel Yasgur, Sullivan County
Attorney, 100 North Road, Monticello, New York 12701
postage prepaid at a United States Post Office in New York, New York.

STEPHEN L. OPPENHEIM (SO6643)

Sworn to before me this 6th day of December, 2007

NOTARY PUBLIC