UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARY JO MACE,

    Plaintiff,

  v.

COUNTY OF SULLIVAN; DANIEL BRIGGS,
individually and as the County Manager
of Sullivan County, OLGA PARLOW, individually
and as County Treasurer of the
County of Sullivan, PAMELA ROURKE,
individually and as Commissioner of
Personnel of the County of Sullivan, HARVEY
SMITH, individually and as Commissioner of
General Services of the County of Sullivan,
JOHN DOE, and JANE DOE,

    Defendants.

05 Civ. 2786 (SCR) (GAY)

MEMORANDUM ORDER
ADOPTING REPORT &
RECOMMENDATION

---

**STEPHEN C. ROBINSON, United States District Judge.**

  Mary Jo Mace commenced this action, pursuant to 42 U.S.C. § 1983, against the County of Sullivan (the "County"), Daniel Briggs, individually and as Manager of the County, Olga Parlow, individually and as Treasurer of the County, Pamela Rourke, individually and as Commissioner of Personnel of the County, Harvey Smith, individually and as Commissioner of General Services of the County, and two unnamed defendants (collectively, the "defendants"). Ms. Mace's Complaint seeks redress for violations of procedural and substantive due process, equal protection under the Fourteenth Amendment, and free speech under the First Amendment. The defendants filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. That motion was referred to Magistrate Judge George A. Yanthis, and he has



recommended that this Court grant in part and deny in part the defendants' motion. The parties have filed objections to Magistrate Judge Yanthis' recommendation.

For the reasons set forth in this opinion, the Court adopts Judge Yanthis' Report and Recommendation.

# I

# BACKGROUND

This case is at the motion to dismiss stage, and therefore the Court assumes "all material factual allegations in the complaint." *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998).

## A. Facts

Ms. Mace, a Democrat, was appointed as a Senior Clerk to the Board of Elections of Sullivan County (the "Board") on July 1, 1996, by the two Commissioners of Elections, as authorized by New York Election Law § 3-300. Under that law, the Senior Clerk served at the pleasure of the Commissioners of Elections, who, upon unanimous vote, are authorized to terminate Board employees including the Senior Clerk. *See* N.Y. ELEC. L. § 3-300 ("Every board of elections shall appoint, and at its pleasure remove, clerks . . . fix their number, prescribe their duties, fix their titles and rank and establish their salaries within the amounts appropriated therefor [sic] by the local legislative body . . . .").

Ms. Mace served as the Democratic Senior Clerk from the time of her appointment in 1996 until January 29, 2003. On December 12, 2002, the Sullivan County Legislature (the "County Legislature") enacted the budget for 2003. The budget did not provide funding for

either the Democratic or Republican Senior Clerk positions.  Ms. Mace alleges that the Legislature decreased the 2003 County budget by the exact amount of salaries and benefits for the two Senior Clerk positions.  These budget reductions, Ms. Mace claims, were enacted purposefully to eliminate the positions of Senior Clerk or to force the Board to fire her.  These actions were taken by the Republican majority of the County Legislature, and, Ms. Mace believes that their actions were politically motivated.  She claims that the defendants retaliated against her for her political activities as a Democrat in her capacity as trustee of the Village of Monticello, Sullivan County, and as a member of the Democratic Town Committee of the Town of Thompson, Sullivan County; she and members of the Republican majority of the County Legislature, the Complaint alleges, had clashed on political issues.

After the 2003 budget was enacted without the requisite funding for the Senior Clerk positions, the Commissioners of Elections had the power to reallocate the funds provided by the Legislature in any manner, *see* Compl. ¶¶ 24-27, but, in this case, the Commissioners did not exercise that prerogative.  The Commissioners, however, did not vote formally to terminate the Senior Clerks.

On December 16, 2002, Ms. Mace received a letter from Ms. Rourke, the County Treasurer, explaining that the 2003 budget had been adopted and that both Senior Clerk positions were eliminated, effective January 1, 2003.  The defendants concede that this letter was outside of Ms. Rourke's authority—only the Commissioners of Elections could terminate the Senior Clerk positions.  Ms. Mace claims that the defendants later informed her that the Senior Clerk positions were no longer in the budget but had not been eliminated officially, as the letter of December 16 had suggested.

05 Civ. 2786 (SCR) (GAY) 4

Despite these notifications, Ms. Mace continued her activities as Senior Clerk until January 29, 2003. On that date, Mr. Smith, who is the Commissioner of General Services of the County, instructed Ms. Mace to leave the Board offices and work in the public areas of the building in accordance with Resolution 06-03, which had been passed by the County Legislature on January 23, 2003. Resolution 06-03 regarded as trespassers any unauthorized persons who did not obtain written approval from Mr. Briggs, the County Manager, to access non-public areas of the County government offices, records, property, and equipment. Ms. Mace departed after Mr. Smith told her that she was no longer an employee and that she would be arrested if she did not comply.

Ms. Mace claims that, from January 1, 2003, until March 15, 2004, she was treated as a non-employee of the County by the defendants. She maintains, however, that she was not terminated in accordance with Election Law 3-300 prior to her resignation because the two Commissioners of Elections never acted unanimously to terminate her. Therefore, Ms. Mace contends that she was employed until she resigned August 17, 2004.

## B. The Report & Recommendation

Magistrate Judge Yanthis began his analysis of the defendants' motion to dismiss with Ms. Mace's procedural and substantive due process claims. Her Complaint alleges that her employment position with the County (*i.e.*, her "property") was terminated in violation of the Due Process Clause of the Fourteenth Amendment (*i.e.*, in an arbitrary manner or without following New York State law). Ms. Mace was an at-will employee of the Board of Elections and could be terminated at the discretion of the two Commissioners of Elections, Judge Yanthis explained. As a result, Ms. Mace's procedural due process claim cannot survive the defendants'

motion to dismiss because at-will employment is not a constitutionally protected property interest. Judge Yanthis also explained that the County's alleged failure to follow proper *state* procedures in itself—which, according to Ms. Mace, would have required the two Commissioners of Elections to formally vote to terminate her—does not create a cognizable *federal* due process claim. Report and Recommendation at 7 (citing *Torres-Rosado v. Rotger-Sabat*, 335 F.3d 1, 10 (1st Cir. 2003) ("An agency failure to follow its own rules may be significant in administrative law, but the federal Due Process Clause does not incorporate the particular procedural structures enacted by state or local governments; these claims should be pursued, if at all, under [state] law.")).

Judge Yanthis also recommended that this Court dismiss Ms. Mace's substantive due process claim because her allegations—that the County expelled her from the Board's offices and allegedly retaliated against her, in violation of the First Amendment, on account of her political activities—did not rise to the conscience shocking level required to maintain a substantive due process claim. Moreover, Judge Yanthis explained, to the extent that a specific constitutional provision, such as the First Amendment, encompasses the proscribed government conduct, a plaintiff cannot maintain a section 1983 suit predicated on broad notions of substantive due process.

Ms. Mace's liberty interest claim—based on her allegations that she was forced to leave the Board of Elections offices after being labeled a trespasser pursuant to Resolution 06-03 passed by the County Legislature—also is lacking, according to Judge Yanthis. With respect to Ms. Parlow and Ms. Rourke, the liberty interest claim could not survive because Ms. Mace's Complaint does not allege any personal involvement. With respect to Mr. Briggs and Mr. Smith, Judge Yanthis concluded that these individuals were entitled to qualified immunity

because they both acted reasonably in enforcing a prima facie valid Resolution passed by the County Legislature.

Judge Yanthis recommended that this Court deny the defendants' motion to dismiss Ms. Mace's equal protection claim with respect to Mr. Briggs and Mr. Smith.* The Complaint alleges that Mr. Briggs and Mr. Smith enforced Resolution 06-03 against Ms. Mace but did not enforce it against similarly-situated individuals who also had violated the terms of the law. Finally, Judge Yanthis also recommended dismissal of Ms. Mace's First Amendment retaliation claim against the individual defendants and her claim of municipal liability against the County.

## II

## DISCUSSION

### A. Standard of Review

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C §636(b)(1)(C). To accept a Report and Recommendation to which no timely objection has been made, a district court need only satisfy itself that "there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted). A party may file "*specific* written objections," Fed. R. Civ. P. 72(b), to a Magistrate Judge's proposed findings and recommendations, and, in that case, the district court has an obligation to make a de novo determination as to those portions of the Report and Recommendation to which objections were made. 28 U.S.C. 636(b)(1); *Grassia v. Scull*, 892 F.2d 16, 19 (2d Cir. 1989). The phrase "de novo determination" in section 636(b)(1)—as opposed to "de novo hearing"—

---

* The Complaint, however, alleged no personal involvement by Ms. Rourke and Ms. Parlow, and, therefore, Judge Yanthis recommended that those defendants' motion to dismiss be granted.

was used by Congress "to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980). A district court may, in its sound discretion, afford a degree of deference to the Magistrate Judge's Report and Recommendation. *Id.* Moreover, "[t]o the extent . . . that the party makes only conclusory or general objections, *or simply reiterates the original arguments*, the Court will review the Report strictly for clear error." *Harden v. LaClaire*, No. 07 Civ. 4592, 2008 WL 4735231, at *1 (S.D.N.Y. Oct. 27, 2008) (emphasis supplied) (collecting cases).

### B. The Court Adopts Judge Yanthis' Report & Recommendation

Most of the parties' objections to, and arguments against, Judge Yanthis' comprehensive and well-reasoned Report and Recommendation merely are a reiteration of the arguments presented to and considered by Judge Yanthis. The Court shall accordingly address only those arguments that have not already been addressed by Judge Yanthis.

#### 1.

Ms. Mace contends that Mr. Briggs and Mr. Smith are not entitled to qualified immunity with respect to her liberty interest claim because neither of those individuals had any power to affect her employment. Ms. Mace's liberty interest claim against Mr. Briggs and Mr. Smith, however, is predicated on their actions in expelling her from the County offices as a trespasser under Resolution 06-03, *not* on their actions in terminating her. On that issue, Ms. Mace contends that the defendants were not entitled to qualified immunity based on their reliance on Resolution 06-03. Contrary to Ms. Mace's argument, the Second Circuit has explained that

"absent contrary direction, state officials . . . are entitled to rely on a presumptively valid state statute . . . until and unless [the statute is] declared unconstitutional." *Vives v. City of New York*, 405 F.3d 115, 117 (2d Cir. 2005) (quoting *Connecticut ex rel. Blumenthal v. Crotty*, 346 F.3d 84, 102-03 (2d Cir. 2003)) (alterations in original). One possible exception exists where a law is "so grossly and flagrantly unconstitutional that any person of reasonable prudence would be bound to see its flaws." *Id.* The allegations in Ms. Mace's Complaint do not fall within this narrow exception, and therefore this Court adopts Judge Yanthis' recommendation that the defendants' motion to dismiss be granted on qualified immunity grounds.

## 2.

Ms. Mace's second objection is to Judge Yanthis' conclusion that she was an at-will employee. Ms. Mace concedes that she was an at-will employee vis-à-vis the Board of Elections, but she submits, in an argument that is not entirely clear, that the defendants violated her due process rights because they, as opposed to the Commissioners of the Board of Elections, had no power to terminate her position. The Court cannot accept Ms. Mace's argument.

Ms. Mace, as she concedes, was an at-will employee. Her employment position had no civil service law protection, and she was not hired under a contract. *See Segal v. City of New York*, 459 F.3d 207, 213 (2d Cir. 2006) ("An at-will government employee may be terminated for cause or no cause whatsoever."). In her Complaint, Ms. Mace characterizes the County Legislature's action in failing to fund the Senior Clerk position as an *ultra vires* one, and she contends that therefore she was not terminated properly—that is, by the Commissioners of the Board of Elections. The allegations in her Complaint, however, belie her theory. It is undisputed that after the 2003 budget was enacted without the requisite funding for the Senior

Clerk positions, the Commissioners of Elections had the power to reallocate the funds provided by the Legislature in any manner they deemed appropriate, including to fund the Senior Clerk positions. *See* Compl. ¶¶ 24-27. The Commissioners did not exercise that prerogative. By their inaction the Commissioners thus terminated, as a practical manner, the Senior Clerk positions. *See* N.Y. ELEC. L. § 3-300 ("Every board of elections shall appoint, and at its pleasure remove, clerks . . . fix their number, prescribe their duties, fix their titles and rank and establish their salaries within the amounts appropriated therefor [sic] by the local legislative body . . . ."). Because Ms. Mace was an at-will employee serving at the "pleasure" of the Board of Elections, the due process clause did not require the Board to hold either a pre- or post-deprivation hearing before deciding not to exercise their prerogative to fund the Senior Clerk positions. *See United States v. Copeland*, 376 F.3d 61, 71 (2d Cir. 2004). Consequently, Ms. Mace's procedural due process claim must be dismissed.

### 3.

Ms. Mace's Complaint also asserts a First Amendment retaliation claim. The actions of the County Legislature, according to Ms. Mace, were undertaken in retaliation for and to stifle her political activities. Judge Yanthis recommended dismissal of this claim because

> the complaint fails to set forth sufficient personal involvement of any of the individual defendants. Moreover, the complaint does not allege any time frames and does not describe the alleged protected activity. A close temporal proximity cannot be inferred, in any event, between the alleged activity and any adverse actions.

Report and Recommendation at 14.

Despite the numerous deficiencies properly outlined by Judge Yanthis, Ms. Mace's Complaint does allege that she had served as a Democratic trustee of the Village of Monticello,

Sullivan County, and as a member of the Democratic Town Committee of the Town of Thompson, Sullivan County. It also explains that she and members of the Republican majority of the Legislature had clashed previously on political issues. Therefore, although the Court agrees with Judge Yanthis that the First Amendment retaliation claim is deficient as pled, Ms. Mace is given leave to file an amended complaint amplifying the factual allegations with respect to this claim.

## Conclusion

The Court has reviewed Judge Yanthis' comprehensive and well-reasoned Report and Recommendation and has determined that there is no clear legal error on the face of the record. The Court also has considered the parties' objections to the Report and Recommendation and has determined, after a de novo review, that the Report and Recommendation is correct with respect to those aspects to which the parties object.

Ms. Mace's claims for violations of due process, both procedural and substantive, and the First Amendment are dismissed, the latter without prejudice. Ms. Mace's equal protection claim is dismissed with respect to Ms. Rourke and Ms. Parlow.

The defendants' motion to dismiss Ms. Mace's equal protection claim against Mr. Briggs and Mr. Smith, however, is denied.

The Clerk of the Court is directed to close docket entry number 8.

05 Civ. 2786 (SCR) (GAY)                                                  11

*It is so ordered.*

Dated: ___February 11___, 2009

       White Plains, New York

                                        _____
                                        Stephen C. Robinson
                                        United States District Judge